UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID SANTOS                                         CIVIL ACTION

VERSUS                                               NO. 11-1527

TANNER ET AL.                                        SECTION "J" (5)

**O R D E R**

Before the Court is Petitioner David Santos's objection **(Rec. Doc. 13)** to the Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 12)**. The Court adopts the Report and Recommendation of the Magistrate Judge for the reasons set forth more fully below.

In his objection, Petitioner reurges his claims that he is entitled to relief because (1) his Sixth Amendment rights under the confrontation clause were violated;(2) the trial court applied an improper standard when determining whether or not to grant a new trial; (3) the State-appointed interpreter was not properly qualified under Louisiana law; and (4) his trial counsel was ineffective. The Magistrate Judge properly found that Petitioner's claim that his Sixth Amendment rights were violated fails. When evaluating a habeas claim made under the confrontation clause, relief is only appropriate if the challenged testimony had a "substantial and injurious effect or influence in determining the jury's verdict." Taylor v. Cain, 545 F.3d 327, 335 (5th Cir. 2008). As the Magistrate Judge correctly noted, the challenged

testimony in Petitioner's case was either cumulative of admissible testimony, not inculpatory, or amounted to harmless error, because the great weight of admissible evidence weighed in favor of finding Petitioner guilty.

Furthermore, the Magistrate Judge was also correct in finding that Petitioner's second and third claims for relief did not violate Petitioner's constitutional rights and, therefore, were not cognizable claims in a federal habeas proceeding. With respect to Petitioner's claim that the trial court applied the incorrect standard of review to his motion for new trial, the Magistrate Judge was correct in finding that regardless of the state law standard, the reviewing state courts evaluated the sufficiency of the evidence presented in Petitioner's trial under the proper federal standard, thereby ensuring that no constitutional violation occurred. Likewise, as the Magistrate Judge noted, Petitioner's arguments with respect to the qualifications of the court interpreter, in this instance, do not rise to the level of constitutional proportions.[1]

---

[1] The Court notes that the Magistrate Judge's report states that "'[r]ulings on the appointment and qualifications of an interpreter do not reach constitutional proportions.'" (Rec. Doc. 12, p. 21 (quoting Fairbanks v. Conan, 551 F.2d 97, 99 (6 th Cir. 1977)) This Court agrees that in this instance, the Petitioner's concerns about the qualifications and adequacy of the court interpreter's qualifications do not rise to the level of a constitutional concern, because the concerns presented are within the purview of the trial court judge's discretion, and this Court cannot say that the trial court judge committed clear error under the circumstances. See, e.g., Suarez v. United States, 309 F.2d, 709, 712 (5 th Cir. 1962) (citing Perovich v. United States, 205 U.S. 86 (1907)). However, the Court does not adopt the Magistrate Judge's statement that, in general, issues regarding the qualifications of an interpreter "do not reach constitutional proportions." While the United States Supreme Court has not explicitly held that individuals have a right to an interpreter, there are certainly situations in which failure to provide an interpreter and/or a more qualified interpreter could interfere with a defendant's due process rights. See,

Lastly, the Magistrate Judge properly found that Petitioner does not have a cognizable ineffective assistance of counsel claim under the standard set forth in Strickland v. Washington, 466 U.S. 668, 697 (1984). In particular, the record demonstrates that due to certain statements that Petitioner had voluntarily made to the police about consensual sexual encounters with the alleged rape victim prior to counsel's representation of Petitioner, trial counsel's choices were strategic, nonprejudicial, or otherwise nondeficient.

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's objection, approves the Report and Recommendation, **OVERRULES** Petitioner's objection, and adopts the Report and Recommendation as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that David Santos's petition for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE.**

---

e.g., Prince v. Beto, 426 F.2d 875 (5 th Cir. 1970) (finding that the trial court's choice of interpreter was fundamentally unfair and violated defendant's due process rights); Valladares v. United States, 871 F.2d 1564 (11 th Cir. 1989) (finding that inadequate interpretation may make a trial fundamentally unfair); United States v. Carrion, 488 F.2d 12 (1 st Cir. 1973) (holding that unfair and inaccurate interpretation may impact the right to confrontation); United States ex rel. Negron v. State of N. Y., 434 F.2d 386 (2d Cir. 1970) (finding that spasmodic interpretation deprived defendant of right to confrontation). Thus, as it pertains to this issue, this Court limits its adoption of the Magistrate Judge's report only to the Magistrate's ultimate finding.

New Orleans, Louisiana this 21st day of November, 2012.

                                                    _____
                                                    CARL J. BARBIER
                                                    UNITED STATES DISTRICT   COURT